## PHELPS DODGE INDUSTRIES, INC., Plaintiff,

v.

## PIEDMONT ELECTRIC SUPPLY CORP., A subsidiary of Southeastern Electric Supply, Incorporated, Defendant.

### Civ.A.No. 81–0013–C.

United States District Court, W. D. Virginia, Charlottesville Division.

Sept. 16, 1981.

F. Guthrie Gordon, III, Charlottesville, Va., for plaintiff.

Francis T. Eck, Richmond, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, Phelps Dodge Industries, Inc., has filed this action against the defendant, Piedmont Electric Supply Corp., seeking Seventeen thousand seven hundred and thirty-five and no/100ths Dollars ($17,-735.00) plus interest for an alleged breach of contract. Plaintiff has properly invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1332.

The pertinent facts of this case principally embrace the business relationship entered into between plaintiff and defendant concerning the furnishing of certain goods to be used on two different construction jobs. The first concerns events that took place in 1979, which the court will refer to as the Maryland job, and the second concerns events occurring in 1980, which the court will refer to as the Virginia job. The instant action primarily pertains to the Virginia job.

Plaintiff alleges, and the defendant admits, that the parties entered into a contract whereby the plaintiff would supply a wire product for the Virginia job in exchange for payment of Thirty-two thousand five hundred and eighty-two and 76/100ths Dollars ($32,582.76) by the defendants. The defendant further admits that in spite of the fact that the wire was delivered on time and was satisfactory in all respects it has only paid the plaintiff Fourteen thousand eight hundred forty-seven and 76/100ths Dollars ($14,847.76) despite plaintiff's demands for the unpaid balance. As its only defense, the defendant avers that due to plaintiff's failure to fill defendant's order for goods to be used on the Maryland job, the defendant suffered losses in the amount of Seventeen thousand seven hundred and thirty-five and no/100ths Dollars ($17,-735.00). As a result of this loss, the defendant took it upon itself to set off its alleged loss on the Maryland job against the Thirty-two thousand five hundred and eighty-two and 76/100ths Dollars ($32,582.76) that the defendant admits it owes the plaintiff for the Virginia job. It is the amount of this set-off that plaintiff now seeks to collect. Despite the defendant's assertion that, in an open account situation, summary judgment is not appropriate, this court, finding no material issue of fact in dispute, holds that this case is now ripe for decision on plaintiff's motion for summary judgment.

This case presents but one issue for the court to decide: can the defendant validly set off its alleged claim for losses on the Maryland job against its conceded debt flowing from the Virginia job. Under a long line of cases beginning with *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in diversity cases questions of substantive law shall be governed by the law of the state. In this case, of course, this refers to the substantive law of the Commonwealth of Virginia.

It is clear from the record that the contracts for the two jobs are separate, distinct, and wholly unrelated save for the fact that the buyer and seller are the same in both instances. Therefore, the court holds that this case is governed by the rule announced in *Dexter-Portland Cement Co. v. Acme Supply Co., Inc.*, 147 Va. 758, 133 S.E. 788 (1926). That rule is as follows:

> Thus we find the rule of established practice in Virginia to be that the courts have authority to entertain pleas of set-off only where the demands on both sides are in the nature of debts. A demand for unliquidated damages cannot be set off against an ascertained demand, nor can demands for unliquidated damages be set off against each other, and the cross demand must appear in the nature of a debt from the plea.

*Id.*, 133 S.E. at 791. *See also, Odessky v. Monterey Wine Co., Inc.*, 188 Va. 184, 49 S.E.2d 330 (1948).

Under this rule, defendant could prevail only if it could show that the debt that it alleges the plaintiff owes it on the Maryland job is a liquidated one. This the defendant cannot do.

Defendant's assertion is that Seventeen thousand seven hundred and thirty-five and no/100ths Dollars ($17,735.00) is the amount of damages it suffered as a result of plaintiff's refusal to honor a contract between them on another order. Even assuming as true defendants declaration that there was a contract between the parties concerning the Maryland job and that plaintiff refused to fulfill its obligation under it, the defendant cannot properly maintain that the amount of damages it suffered is a liquidated amount. The defendant itself cannot pass judgment on what specific dollar amount would compensate it for plaintiff's breach of contract. A plethora of questions could be raised as to the extent to which the defendant is required to mitigate, the reasonableness of its efforts to mitigate, *et cetera*. Absent a showing that the parties contract for a liquidated amount of damages, in anticipation of a possible breach of contract by the plaintiff, this court cannot hold the defendant's claim of damages on the Maryland job to be a liquidated amount. The defendant has made no such showing here. Accordingly, the defendant has no legal right in these circumstances to offset

its asserted amount of damages on the Maryland job against its admitted debt due the plaintiff for the Virginia job.