# Maynard Construction Company

## v.

# David H. Driver

Record No. 821321

September 6, 1985

Present: All the Justices

M. Scott Hart (John W. Edmonds, III; L. McCauley Chenault; Mays, Valentine, Davenport & Moore, on briefs), for appellant. Everette A. Felts for appellee.

COMPTON, J., delivered the opinion of the Court.

In this dispute arising from construction of a single-family residence, a building contractor seeks stay of court proceedings pending arbitration of a contractual disagreement. We are unable to reach the merits of the arbitration issue because of the procedural turns the case took at the trial level and on appeal.

In March of 1979, appellee David H. Driver, and Mabel B. Driver, his wife, entered into a contract with appellant Maynard Construction Company for construction of a home on property located in New Kent County. The parties used a form approved by the American Institute of Architects to set forth their agreement. Article 14 of the contract provided:

## "ARBITRATION

All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen."

At the time, Code § 8.01-577 provided:

**"§ 8.01-577. Submission of controversy; agreement to arbitrate.** — A. Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court. Upon proof of such agreement out of court, or by consent of the parties given in court in person or by counsel, it shall be entered in the proceedings of such court; and thereupon a rule shall be made, that the parties shall submit to the award which shall be made in pursuance of such agreement.

B. Notwithstanding any other provision of law, the parties may enter into a written agreement to arbitrate which will be as binding as any other agreement. If, after entry into such agreement, either party refuses to cooperate in the appointment of an arbitrator or arbitrators, or if the parties cannot agree upon the arbitrator or arbitrators, then after ten days' notice on motion of either party, the court which has jurisdiction of the claim shall act for the party so refusing or failing to agree in the appointment, then the arbitration shall proceed and be as binding as if both parties had cooperated throughout the proceedings. Neither party shall have the right to revoke an agreement to arbitrate except on a ground which would be good for revoking or annulling other agreements."*

Upon completion of the construction, a dispute arose between the Drivers and the contractor over the quality of some of the work. In November of 1980, Mr. Driver filed suit against the contractor in the general district court seeking recovery of $4,750.00 for breach of contract. In April of 1981, the contractor moved

---

* In 1983, the General Assembly amended the statute by inserting "or the controversy" after "of the claim" in the second sentence of subsection B and by adding the following undesignated paragraph after subsection B:

"Submission of any claim or controversy to arbitration pursuant to such agreement shall be a condition precedent to institution of suit or action thereon, and the agreement to arbitrate shall be enforceable, unless the agreement also provides that submission to arbitration shall not be a condition precedent to suit or action. However, notwithstanding the provisions of this paragraph, any party to the agreement to arbitrate may apply to the court having jurisdiction of the claim or controversy to stay the arbitration on the ground that a valid agreement to arbitrate was not made or has not been complied with or that the claim or controversy is barred by a limitation of time." Acts 1983, ch. 485.

that the matter be submitted to arbitration. This motion was denied in May of 1981, the court ruling that the contractor had waived its right to arbitration by filing pleadings in the lawsuit.

The contractor then removed the proceeding to the circuit court. Driver subsequently was granted leave to increase the amount of his suit to $12,000.00. In October of 1981, the contractor filed a motion for arbitration and for stay of court proceedings until an award was forthcoming from the arbitrators. In January of 1982, the circuit court entered an order denying the motion for arbitration and "enjoined" the contractor from participating in any arbitration proceedings. The court below said in the order that it was "not aware of any provision of Section 8.01-577 that mandates compulsory Arbitration over the objection of any party to a dispute."

In addition, the circuit court refused Driver's request to rule that the contractor had waived its right to arbitration. Yet, Driver did not object to such refusal. *See* Rule 5:25 effective August 1, 1985, formerly Rule 5:21. Indeed, counsel for Driver wrote in a letter to opposing counsel, with a copy to the clerk of court, that he had "no objection" to entry of the January order.

The damage suit was tried on its merits before a jury in April of 1982. In the order appealed from, the trial court entered judgment on a verdict in favor of Driver for $8,000.00.

At the petition stage, and on the full appeal, the contractor contended that the arbitration agreement was binding on the parties, that testimony of an expert witness on behalf of the contractor was improperly excluded at the trial, and that the evidence was insufficient to support a finding of liability against the contractor. At the petition stage, Driver argued that the trial court correctly decided arbitration was not mandated and that the court did not err in its evidentiary rulings. Also, and without assigning cross-error, Driver argued the contractor had waived its right to arbitration.

Upon the full appeal, however, Driver admitted the trial court incorrectly decided the arbitration issue and admitted that the arbitration clause in the contract was binding. The first sentence of the argument section of the Brief of Appellee states: "It is conceded by Driver that an agreement to arbitrate in a contract is mandatory and irrevocable unilaterally. . . ." The brief continues, "but in this case we do not have an attempted unilateral revocation of arbitration but what should be construed as a bilateral

mutual revocation of arbitration." After having abandoned his prior position that he unilaterally could annul the agreement to arbitrate, Driver then proceeds to equate a so-called "bilateral mutual revocation" with "waiver" and argues to the conclusion that "Maynard, by his actions, has waived his right to arbitration."

The foregoing recitation of the procedural course of this case points to an obvious result on appeal. The appellee has confessed error on the main issue properly before this Court,.that is, whether the arbitration agreement was mandatory and irrevocable. Nevertheless, the appellee argues waiver to us, a proposition never decided by the trial court and never preserved for appellate review by an assignment of cross-error. *See* Rule 5:18 effective August 1, 1985, formerly Rule 5:27.

Accordingly, we do not reach any of the substantive issues on appeal. Thus, the judgment below will be reversed and the case will be remanded with direction that the trial court stay the proceedings in this civil action to permit the controversy to be submitted to arbitration, according to the provisions of the contract and the provisions of Code § 8.01-577.

*Reversed and remanded.*