# PILAND CORPORATION

## V.

# LEAGUE CONSTRUCTION COMPANY, INC.

Record No. 870620

June 9, 1989

Present: All the Justices

*Michael J. Goergen (Schilling & McCormick, P.C.*, on briefs), for appellant.

*John C. Warley, Jr.* for appellee

Justice Lacy delivered the opinion of the Court.

The questions in this appeal are (1) whether the trial court appropriately granted summary judgment in a contract dispute when one party attempted to invoke arbitration pursuant to the contract, and (2) whether an unliquidated claim for money damages may be maintained as a counterclaim against a liquidated claim for damages when the claims involve the same parties but arise from separate contracts.

League Construction Company, Inc. (League) was a subcontractor providing cement work t ɪ the general contractor, Piland Corporation (Piland) on two projects: Langley Air Force Base (Langley project) and Old Dominion University (ODU project). League sued Piland for $25,300, allegedly due under the Langley project contract. In its response, Piland admitted it withheld the retainage on the Langley project, $25,300, but alleged that, under the contract, it was entitled to certain back charges and delay damages from League. Piland maintained that the dispute should be arbitrated pursuant to the contract terms and sought a stay pending such arbitration.

Piland included a counterclaim in its answer and grounds of defense which alleged that League caused approximately $85,000 in damages for faulty work performed on the ODU project. Piland asserted the right to set off its damages on the ODU project against League's claim on the Langley project.

In its answer to the counterclaim, League denied any liability on the ODU contract, moved for dismissal of the counterclaim, and filed a motion for summary judgment.

Following a hearing and submission of additional memoranda, the trial court awarded League summary judgment against Piland in the amount of $25,300. The court based its decision on Piland's admission of paragraph 4 of the motion for declaratory judgment. Paragraph 4 stated:

Plaintiff performed the work called for by the written contract in a skillful and diligent manor [sic] to the satisfaction of both the defendant and the Army Corps of Engineers, which is responsible for acceptance of the work performed by plaintiff.

As a result of this admission, the court gave no weight to the claims for back charges and delay damages nor the demand for arbitration. Instead the court viewed the claims as an attempt by Piland to vary its "unequivocal admission" as to the truth of paragraph 4. Additionally, the court concluded that Piland's counterclaim under the ODU contract could not be set off against its debt to League under the Langley contract because the $25,300 constituted a liquidated debt admittedly due League, while Piland's claim for $85,000 was for unliquidated damages.

On appeal, Piland argues that the trial court erred in granting League's motion for summary judgment, in denying Piland's request for a stay pending arbitration, and in holding that Piland could not claim unliquidated damages as a set-off against liquidated damages. We agree.

"Summary judgment shall not be entered if any material fact is genuinely in dispute." Rule 3:18. It is not a substitute for trial when an issue of fact exists. *Kasco Mills, Inc.* v. *Ferebee*, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956). Upon considering a motion for summary judgment, the court must rule, as a matter of law, on the sufficiency of the evidence; it does not weigh the evidence as a finder of fact. Accordingly, the court must draw those

inferences most favorable to the non-moving party. *Bloodworth* v. *Ellis*, 221 Va. 18, 23, 267 S.E.2d 96, 99 (1980).

■ Piland's admission of the allegations contained in paragraph 4 of the motion for declaratory judgment did not foreclose its right to assert claims against League. Indeed, satisfaction with League's work product did not preclude a dispute over alleged delays or back charges. Those precise items were put in issue by Piland in paragraph 11 of its answer. When considering League's motion for summary judgment, the court must take these allegations as true. *See id.* at 23, 267 S.E. at 99. We conclude that the allegations in paragraph 11 created an issue of fact which made summary judgment inappropriate. *See Kasco Mills*, 197 Va. at 593, 90 S.E.2d at 870.

■ Piland also alleged that the dispute was subject to mandatory arbitration under the subcontract and requested a stay of proceedings pending arbitration. Code §§ 8.01-581.02(A) and (D) require the trial court to stay the proceedings where the moving party presents a written agreement between the parties to submit to arbitration. Here, Article 10 of the subcontract, appended to League's motion for declaratory judgment, required all disputes to be decided by arbitration and Piland clearly requested arbitration and a stay in paragraph 11 of its answer. Although there was nothing to arbitrate with respect to League's $25,300 claim, because Piland admitted it, Piland was entitled to arbitration of its claim for back charges and delay damages. We hold, therefore, that the trial court erred in denying Piland's request for arbitration and a stay.

Finally, we consider whether Virginia law permits a defendant to set off, by counterclaim, an unliquidated debt against a liquidated debt. Relying on *Phelps-Dodge Industries* v. *Piedmont Elec. Supply*, 523 F. Supp. 201, 202 (W.D. Va. 1981), League contends that, although one may plead unliquidated damages as a set-off in a counterclaim, in Virginia there is no substantive right to set off unliquidated damages against liquidated damages. The Federal District Court for the Western District of Virginia, relying on *Odessky* v. *Monterey Wine Co.*, 188 Va. 184, 190, 49 S.E.2d 330, 332 (1948), and *Dexter-Portland Co.* v. *Acme Co.*, 147 Va. 758, 770, 133 S.E. 788, 791 (1926), ruled that the defendant could prevail only if it could show that the debt owed by the plaintiff was liquidated. *Phelps*, 523 F. Supp. at 202.

However, Rule 3:8, adopted in 1971, states in pertinent part:

> [A] defendant may . . . plead as a counterclaim any cause of action at law for a money judgment in personam that he has against the plaintiff . . . whether or not it grows out of any transaction mentioned in the notice of motion for judgment, *whether or not it is for liquidated damages* . . . . (Emphasis supplied.)

The language of this rule explicitly allows a defendant to plead, as a counterclaim, any cause of action at law whether or not it is for liquidated damages. It would be patently illogical for the Rules of Court, as a matter of procedure, to encourage a defendant to plead unliquidated damages as a set-off, while not recognizing, as a matter of substance, his right to set off the unliquidated damages against the plaintiff's liquidated damages. We hold, therefore, pursuant to Rule 3:8 and in the interests of judicial economy, that there is no requirement in Virginia that a debt be liquidated in order to be raised as a set-off in a counterclaim.

Accordingly, we will reverse the holding of the trial court, and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*