## CIRCUIT COURT OF KING GEORGE COUNTY

Sandra H. Walker

v.

White Packing Co., Inc.

February 16, 1994

Case No. (Chancery) 93000088

BY JUDGE JAMES W. HALEY, JR.

The issue here for resolution is whether an employee's statutory claims for retaliatory discharge and discrimination because of disability are subject to arbitration provisions in a contract between her union and her employer.

In a written opinion dated June 24, 1993, this court held that the employee's statutory claims were not pre-empted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). By this reference, that opinion is incorporated herein.

The employment contract here involved contains the following language:

> In the event a grievance or dispute *arises under the terms* and during the life of this Agreement . . . either party may request that such grievance or dispute be submitted to arbitration . . . [emphasis supplied].

Relying upon Code § 8.01–581.01 *et seq.*, the Virginia Uniform Arbitration Act, employer maintains the quoted contract term requires mandatory arbitration and that, accordingly, any court proceeding involving employee's statutory claims should be stayed pending that arbitration.

The employer concedes that "there is no question that employee's claims . . . are based upon statutory violations and not upon breach of the Employment Contract."[2]

In support of its position, Defendant relies upon *Piland Corp. v. League Constr. Co.*, 238 Va. 187, 380 S.E.2d 652 (1989), and *McMullin v. Union Land & Mgt.*, 242 Va. 337, 410 S.E.2d 636 (1991). These cases are not persuasive, as textual analysis will show.

*Piland* involved claims for back charges and delay damages in a construction case. In requiring arbitration, the Supreme Court noted that the contract "required all disputes to be decided by arbitration . . . ." 238 Va. at 190, 380 S.E.2d at 653. Back charges and delay damages are obviously subsumed within construction contract disputes. The question in *McMullin* was whether the "arbitration provision . . . is sufficiently broad to require arbitration of a partner's claim against the partnership for services rendered to the partnership." In answering affirmatively, the Supreme Court noted that the arbitration clause covered: "Any claim of controversy arising out of this Agreement . . . ." 242 Va. at 340, 410 S.E.2d at 638. The broad language in *Piland* and *McMullin* should be contrasted with the language of limitation contained in the instant arbitration clause, that is "arises under the terms . . ." of the agreement. The employer concedes the statutory causes of action do not arise under the agreement, and accordingly, they are not subject to the arbitration clause of that agreement.

In the recent opinion of *Bandas v. Bandas*, 16 Va. App. 427, 430 S.E.2d 706 (1993), the Court of Appeals noted that the language of Code § 8.01–581.01, entitled Validity of Arbitration Agreement, "implies that arbitration should be upheld unless the agreement is against public policy." Public policy "is sometimes defined as that principle of law under which freedom of contract of private dealings is restricted by law for the good of the community — the public good." *Higgins v. McFarland*, 196 Va. 889, 894, 86 S.E.2d 168, 172 (1955).

The statutory prohibitions against terminating employment because an employee files a claim for worker's compensation or because an employee is disabled represent the considered societal judgment expressed through the legislature. Accordingly, they reflect considerations of public policy. It is the view of the court that these statutory rights should not be diminished by requiring their arbitration, particularly in light of the language of limitation in the agreement.

The motion to stay proceedings in the Circuit Court is denied.

---

[2] Defendant's Post-hearing Memorandum, mailed January 21, 1994, p. 4, lines 7–9.