## CIRCUIT COURT OF STAFFORD COUNTY

John Robert Culleton
and Gretchen A. Culleton

   v.

Hour Development Corp.

January 9, 1995

Case No. (Law) 94000078

BY JUDGE JAMES W. HALEY, JR.

The issue here for resolution is whether arbitration is a condition precedent to an action at law for defective construction of a residence.

On November 12, 1991, John Culleton and Gretchen Culleton, his wife, entered into a written contract with Hour Development Company ("Hour") for the construction of a residence on a lot owned by Hour. As here relevant, the contract contained the following terms:

> 3. *Improvements and Options.* Sales price to include . . . [various appliances, colors, etc.] . . . 2-10 Homeowner's Warranty . . . .
>
> 8. *Plans and Specifications* . . . Seller agrees to complete said house . . . substantially according to the plans and specifications and the selection sheet signed by the purchaser . . . .
>
> 21. *Warranty and Inspection.* The warranties set forth at Section 55-70.1 of the Code of Virginia . . . are hereby permitted to conform in all respects to the provisions of the seller's limited warranty . . . .[1]

---

[1] Va. Code § 55-70.1, in existence on the date of the contract and as pertinent to this cause, created an implied warranty on new residential construction that the same would be "(i) free from structural defects, so as to pass without objection in the trade, (ii) constructed in a workmanlike manner, so as to pass without objection in the trade . . . ." The statute further states that the warranties survive closing, "are in addition to . . . any other

33. Covenant . . . the provisions hereof shall survive the execution and delivery of the Deed . . . and shall not be merged therein . . . .

The contract did not contain any language requiring arbitration as a condition precedent to suit or any language constituting a waiver of the statutory warranties granted by Va. Code § 55-70.1.

Settlement was made on March 6, 1992. On March 7, 1994 Culleton filed an action at law against Hour, claiming breach of contract for failure to build according to the plans and specifications in one count, and breach of the implied statutory warranties in a second count.

Hour has demurred, alleging that the "2-10 Warranty" agreement "mandates arbitration as a condition precedent before suit can be filed against Hour . . . ."

The "2-10 Warranty" packet supplied states that when there is a dispute between the parties as to the limited warranty contained in the document either party "may request an impartial third party arbitration with a Home Buyers Warranty approved arbitration service . . . ." The document goes on to state that "In states where *this* arbitration can be legally binding on all the parties, then this arbitration is binding." [Emphasis supplied.]

Va. Code § 8.01-577 states that when there is an agreement to arbitrate a claim "such agreement shall be a condition precedent to institution of suit or action thereon . . . ."

However, "it is the province of the courts to determine the threshold question of arbitrability, given the terms of the contract between the parties." *Doyle & Russell v. Roanoke Hospital*, 213 Va. 489, 494, 193 S.E.2d 662, 666 (1973).

Culleton is not making a claim under the limited "2-10 Warranty." Rather, he bases his claim upon the specifications performance provisions of the contract and the statutory warranties granted by Va. Code § 55-70.1. The contract between the parties does not contain a mandatory arbitration clause, as was the fact in *Maynard Construction v. Driver*, 230 Va. 79, 334 S.E.2d 567 (1985). Likewise, contrast *Piland Corp. v. League Construction Co.*, 238 Va. 187, 380 S.E.2d 652 (1989), and *McMullin v. Union Land & Management Co.*, 242 Va. 337, 410 S.E.2d 636 (1991), both dealing with the provisions of the Uniform Arbitration Act, Va. Code §

---

express or implied warranties . . ." and may be waived only by words conspicuously set forth in the contract. Finally, the statute provides that the purchaser "shall have a cause of action against his vendor for damages . . ." for breach of the warranties.

8.01-581.01 et seq. where the contract between the parties in the former required that "all disputes . . . be decided by arbitration . . ." and in the latter mandating arbitration of "[a]ny claim or controversy arising out of or relating to this Agreement . . . ."

Indeed, the provisions of the "2-10 Warranty" itself state that the arbitration procedure deals only with "any item covered by this warranty," that that warranty excludes "violations of local, national building codes, ordinances, or standards," that a party "may have other rights which vary from state to state," that the warranty is "independent of the contractual arrangement . . . between the parties" and that "any legal actions that do not arise directly out of this warranty are not the responsibility" of the arbitration service.

Finally, in the recent case of *Bandas v. Bandas*, 16 Va. App. 427, 431, 430 S.E.2d 706, 708 (1993), the Court of Appeals noted that the language of Va. Code § 8.01-581.01, the Uniform Arbitration Act, "implies that arbitration should be upheld unless the agreement is against public policy." Public policy "is sometimes defined as that principle of law under which freedom of contract of private dealing is restricted by law for the good of the community — the public good." *Higgins v. McFarland*, 196 Va. 889, 894, 86 S.E.2d 168, 172 (1955).

The statutory warranties set forth in Va. Code § 55-70.1 reflect the considered societal judgment expressed through the Legislature that those who build and sell new residences be held to appropriate standards of construction. Accordingly, they reflect considerations of public policy. It is the view of the court that these statutory rights and the other rights and duties established in the contract should not be diminished by requiring their arbitration, especially where, as here, there is no mandatory arbitration clause in the contract between the parties, that contract does not waive those statutory rights, and the provisions of the "2-10 warranty" themselves limit its application. Therefore, the demurrer filed on behalf of Hour is overruled as to both counts of the motion for judgment.