# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Ralph O. Austin

v.

Tricord Homes, Inc., et al.

April 26, 2001

Case No. CL00-350

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether this action for defective construction should be stayed because of an arbitration clause in a new home warranty provided by the builder to the purchaser.

### *Background*

No evidence has been taken in this case. Therefore, the parties are before the court on the pleadings; so the facts relied on for this opinion are those set out in the motion for judgment, elaborated upon in arguments of counsel on April 9, 2001.

Austin and Tricord entered into a written "new home sales agreement" on October 11, 1998, for the construction of a house on a lot owned by Tricord.

The sales contract (¶ 27) contains a provision that the statutory warranties in Virginia Code § 55-70.1 apply to the transaction "unless provided otherwise in a separate addendum. . . ." The contract has no other warranty provisions and contains no arbitration clause. Two addenda were executed by the parties, but neither of them deals with warranties.

On April 7, 1999, the parties went to settlement. At settlement, Austin was given a builder's application form for a limited new home warranty. Tricord had signed the form. Austin signed it acknowledging that he had been given material about the limited warranty and consenting to it. The settlement statement indicates that the builder paid for the warranty.

Later, Austin received the limited warranty packet issued by Home Buyers Warranty Corporation (HBWC). The warranty contains the following provision:

### SECTION VII CONDITIONS

THIS IS AN EXPRESS LIMITED WARRANTY OFFERED BY YOUR BUILDER
To the extent possible under the law of your State, all other warranties, express or implied, including but not limited to any implied warranty of habitability, are hereby disclaimed and waived. . . .

The warranty also provides that any claims, disputes, or controversies "arising under or relating to" the warranty shall be submitted to binding arbitration.

Austin commenced this action on September 18, 2000, alleging defective construction. His motion for judgment contains three counts: the cause asserted in the first count is breach of the implied warranty contained in Virginia Code § 55-70.1; the second count alleges that Tricord breached the sales contract; and the third count alleges negligence in construction of the house.

Tricord filed a plea in bar contending that the arbitration clause in the limited new home warranty requires the court to compel arbitration.

## Decision

Virginia has adopted the Uniform Arbitration Act. Under that Act, a written agreement to subject a claim, controversy, or dispute to binding arbitration is valid and enforceable "except upon such grounds as exist at law or in equity for the revocation of any contract." Upon a showing of such an agreement, a court must order the parties to proceed with arbitration. See Virginia Code § 8.01-581 *et seq.*, esp. § 8.01-581.02.

Similarly, the Federal Arbitration Act, which applies to contracts evidencing a transaction in interstate commerce, validates written arbitration agreements. 9 U.S.C. § 1 *et seq.* That Act shows Congressional intent to establish a national policy favoring arbitration. See, e.g., *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985).

Where a party presents to the court a valid written contract requiring the dispute before the court to be decided by arbitration, it is error for the court to refuse to compel arbitration and stay the proceedings. *Piland Corp. v. League Construction*, 238 Va. 187, 380 S.E.2d 652 (1989). It is the province of the

courts to determine arbitrability, given the terms of the relationship between the parties. *Doyle & Russell v. Roanoke Hosp.*, 213 Va. 489, 193 S.E.2d 662 (1973).

Austin is not making a claim under the limited new home warranty purchased for him by Tricord and issued to him by HBWC. Instead, he bases his claim on provisions in the sales contract between the parties and the statutory warranties in Virginia Code § 55-70.1.

The statutory warranties set forth in Virginia Code § 55-70.1 survive transfer of title and "are in addition to, not in lieu of, any other express or implied warranties pertaining to the dwelling, its materials, or fixtures." Section 55-70.1(C). The parties may waive express or implied warranties "only if the words used to waive, modify, or exclude such warranties are conspicuously . . . set forth on the face of such contract in capital letters which are at least two points larger than the other type in the contract and only if the words used . . . state with specificity the warranty or warranties that are being waived, modified, or excluded." Section 55-70.1(C).

The sales contract contains no provision related to waiver of warranties. Neither of the two contract addenda contains such a provision. Nothing that Austin signed at settlement contains such a waiver.

The warranty packet contains a waiver provision (Section VII, page 5). However, it is obvious that the provision falls far short of complying with the waiver requirement of Virginia Code § 55-70.1.

There are a variety of ways by which a builder-seller can obtain from the purchaser a waiver of all warranties, express and implied, including the § 55-70.1 warranties, and replace them with a written limited warranty issued by a third party. This court has had other occasions to deal with such waivers. However, for the reasons stated, Tricord did not obtain a valid waiver in this case.

Therefore, the limited warranty issued by HBWC is in addition to, not in lieu of, the statutory warranties. That being so, Austin may base his claim on the statutory warranties and on provisions of the sales contract rather than the express limited warranty purchased for him by Tricord. That is what he has done.

This case is similar to *Culleton v. Hour Devel. Corp.*, 35 Va. Cir. 348 (Stafford County 1995). This court agrees with the analysis and holding in that case.

Accordingly, the arbitration clause in the written limited warranty does not impair this action. The plea in bar is denied.