## CIRCUIT COURT OF THE CITY OF NORFOLK

Margiorie Belcher

v.

Billie Dandridge
and Yellow Cab, Inc.

November 20, 2002

Case No. (Law) 01-2776

BY JUDGE CHARLES E. POSTON

Today the Court grants the Plaintiff's partial motion for summary judgment, holding that the defendant Yellow Cab may be liable for the actions of its driver, the defendant Billie Dandridge. In keeping with familiar principles, the facts are viewed in the light most favorable to the nonmoving party.

On September 25, 2000, Margiorie Belcher was involved in an automobile accident with Billie Dandridge at the intersection of Lafayette Boulevard and Somme Avenue in Norfolk, Virginia. Dandridge was driving a Yellow Cab, Inc., taxi at the time of the accident.

The Plaintiff filed a motion for partial summary judgment, seeking a declaration that Yellow Cab is vicariously liable for Dandridge's actions as a taxicab driver. The Plaintiff argues that Yellow Cab should be held liable for Dandridge's alleged negligence because Yellow Cab owns a "mini monopoly" in the Norfolk taxicab industry and, therefore, may not delegate legal responsibility for automobile accidents to independent contractors and lessees. The Court grants the Plaintiff's partial motion for summary judgment.

## I. *Summary Judgment*

The Rules of the Virginia Supreme Court provide that "[s]ummary judgment shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:18. When a court considers a motion for summary judgment, "the court must rule, as a matter of law, on the sufficiency of the evidence; it [should] not weigh the evidence as a finder of fact." *Piland Corp. v. League Constr. Co.*, 238 Va. 187, 189 (1989). The deciding court may grant summary judgment only if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *E.g., Freeman v. Norfolk*, 221 Va. 57, 60 (1980).

## II. *Respondeat Superior*

Under the doctrine of *respondeat superior*, an employer is liable for the independent torts of its employees but not of independent contractors. *McDonald v. Hampton Training School for Nurses*, 254 Va. 79, 81 (1997). A four-factor test is used to determine whether an individual is an employee or independent contractor: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the means and methods used to perform the work. The fourth factor, the power of control, is determinative. If the employer has the power to control the manner in which the work is performed, the relationship is that of employer-employee. *Id.* (citing *Hadeed v. Medic-24*, 237 Va. 277, 288 (1989)).

"Whether a person is an independent contractor or an employee is generally a question of fact for a jury; however, when 'the evidence admits of but one conclusion, the question is one of law'." *Atkinson v. Sachno*, 261 Va. 278, 284 (2001) (citing *Hadeed*, 237 Va. at 288). In this case, the evidence dealing with Yellow Cab's relationship with Dandridge fails to support only one conclusion. Whether Dandridge is an employee or an independent contractor, then, is an issue of fact properly left to the factfinder.

## III. *Yellow Cab, A Public Franchise*

Regardless of whether Dandridge is classified as an employee or an independent contractor, Yellow Cab will be liable for Dandridge's allegedly negligent acts as a Yellow Cab driver because Yellow Cab is a public franchise.

For the purposes of the Norfolk ordinances dealing with taxicabs, the owner of a public vehicle is "the person who holds the legal title to the public

vehicle and who holds the certificate of public convenience and necessity for the public vehicle." Norfolk, Va., Code of Ordinances § 34.1-1(d) (2002). In this case, the lease states that the "lessor is the owner of certain licenses and public vehicles and the holder of certificates of public convenience and necessity for such vehicles, which are identifiable as Yellow Cabs and are equipped for the business of taxicabs for hire." *Taxicab Lease Agreement*. The lessor described in the lease is Yellow Cab. *Id*. Even though the agreement is a lease, it does not affect Yellow Cab's status as the "owner" as contemplated by the public franchise.

The City Code provides that "[i]n the event the public vehicle is the subject of an agreement for the conditional sale or lease thereof, with the immediate right of possession vested in the conditional vendee or lessee, the conditional vendee or lessee shall be deemed the owner for the purposes of this chapter." Norfolk, Va., Code of Ordinances § 34.1-1(d) (2002). In the case at bar, the public vehicle is subject to an agreement for the lease of that vehicle, but it is unclear whether Yellow Cab or Dandridge had the immediate right of possession of that vehicle. The lease states that "lessee agrees to return said taxicab to lessor at the end of each lease period." *Taxicab Lease Agreement*. The lease further explains that "[t]his lease is renewable by the acceptance of a taxicab by the lessee and the delivery of a taxicab by the lessor; said lease may be cancelled immediately by either lessee or lessor by the refusal of said delivery for any reason by the lessor or by the refusal for any reason of acceptance by the lessee." *Id*.

Even if Dandridge, the lessee, had the immediate right of possession, he would still not be considered the owner of the vehicle because "when the rent paid by the lessee includes charges for services of any nature, provided by the lessor *or* when the lease does not provide that the title shall pass to the lessee upon payment of the rent stipulated, the lessor shall be regarded as the owner for the public vehicle." Norfolk, Va., Code of Ordinances § 34.1-1(d) (2002) (emphasis added). In this case, the lease did not provide that the title of the taxicab passed to the lessee upon payment of the rent. In fact, the lease made it clear that the vehicle's title remained with Yellow Cab. The lease specifically states that "lessee agrees to return said taxicab to lessor at the end of each lease period" and, further, that "[l]essor shall not be liable to the lessee if it is unable to deliver a taxicab to lessee because the same is unavailable at or during the period that lessee desires to rent said taxicab." *Taxicab Lease Agreement*. For these reasons, for purposes of the Norfolk taxicab ordinances, Yellow Cab, not Dandridge, qualifies as the owner of Dandridge's taxicab in which Dandridge allegedly caused a vehicular accident.

The ownership of Dandridge's cab as defined in the ordinances is important because the owner must provide proof of insurance on the taxicab for any damages or injuries in which the cab is involved. The Norfolk Code prescribes that:

> No public vehicle shall be operated nor shall any certificate of public convenience and necessity or a business license be issued therefor unless and until the *owner* has filed with the Department of Motor Vehicles and the Virginia State Corporation Commission for each vehicle operated, evidence of a liability insurance policy . . . providing for coverage in the minimum amount of one hundred twenty-five thousand dollars ($125,000.00) for injury to or death of one person and in the minimum amount of three hundred thousand dollars ($300,000.00) for injury to or death of more than one person in any one accident, and the minimum amount of twenty-five thousand ($25,000.00) for damage to property, for injury, death, or damage caused by or arising out of the operation of such vehicle.

Norfolk, Va., Code of Ordinances § 34.1-8(a) (2002) (emphasis added).

In lieu of insurance, the Norfolk Code also provides that "the *owner* of a public vehicle may provide a program of self-insurance." Norfolk, Va., Code of Ordinances § 34.1-8(c) (2002) (emphasis added).

Whether Yellow Cab is insured by an insurance carrier or is self-insured does not affect the fact that Yellow Cab, by city ordinance, must provide proof of some type of insurance for the benefit of those who suffer property damage or personal injury in taxicab accidents. This requirement presupposes that Yellow Cab will be financially responsible for the negligent acts of its drivers. The lease provision that Dandridge is not an agent of Yellow Cab may well give Yellow Cab a claim against Dandridge for his negligence which causes loss to Yellow Cab. It does not, however, bind those who have no knowledge of that lease provision and who reasonably believe that Yellow Cab is the owner and operator of the cab in which they are passengers. Section 34.1-13.1 further states "that the lease agreement does not create or intend any vested rights in the owners or lessees of public vehicles, which are superior to any amendment or chapter 34.1 of the Code of the City of Norfolk, Virginia, 1979, or any provision thereof, which may be adopted by the council of the city." Norfolk, Va., Code of Ordinances § 34.1-13.1 (2002).

The lease, therefore, cannot remove Yellow Cab's integral liability for the negligence of its drivers.

Yellow Cab is distinguishable from most other corporations because it is highly regulated and can only engage in its business if the City of Norfolk grants it a certificate of public convenience and necessity. *Id.* at § 34.1-36. If Yellow Cab engages in the taxicab business without a certificate, it will be guilty of a Class 2 misdemeanor. *Id.* at § 34.1-3.

The Second Restatement of Torts § 428 discusses situations in which a public authority regulates who may carry on certain activities. The Restatement states:

> An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.

Restatement (Second) of Torts § 428 (1965).

Although the Virginia Supreme Court has not adopted this section of the Restatement, it has not rejected it either. This Court noted in *Long v. Old Point Bank* that "[t]he Supreme Court has traditionally viewed the Restatement as persuasive authority." 41 Va. Cir. 409, 412 (Norfolk 1997) (Poston, J.). This Court, however, also stated that "reliance on the dignity with which the Restatement is clothed is not sufficient to determine the state of Virginia law." *Id.* Although the Virginia Supreme Court has not dealt with this issue, it has provided exceptions to the general rule of nonliability of employers for the work of independent contractors. *Norfolk & Western Ry. v. Johnson*, 207 Va. 980 (1976) (stating that exceptions to the general rule occur when the work "is unlawful, a nuisance, inherently dangerous, or will in the natural course of events produce injury unless special precautions are taken" and discussing cases that deal with these exceptions).

Non-delegability of liability for acts of independent contractors is recognized in the trucking industry. In *Empire Fire & Marine v. Guaranty Ins.*, 868 F.2d 357 (10th Cir. 1989), the court discussed the purpose of the non-delegability rule as it applied to the trucking industry, stating:

> In the past, the use by truckers of leased or borrowed vehicles led to a number of abuses that threatened the public interest and the economic stability of the trucking industry. . . . In some

cases, ICC licensed carriers used leased or interchanged vehicles to avoid safety regulations governing equipment and drivers. . . . In other cases, the use of non-owned vehicles led to public confusion as to who was financially responsible for accidents caused by those vehicles.

*Id.*

This confusion about who should be held financially responsible for the accident is exactly the same problem faced in this litigation. Because the taxicab was leased to Dandridge, Yellow Cab is denying all liability for Dandridge's alleged negligence. It argues that because Dandridge merely leased the vehicle, he is an independent contractor, thus insulating Yellow Cab from liability for his alleged negligence. Nevertheless, the average person, who gets in an accident with a Yellow Cab taxi logically and reasonably assumes that Yellow Cab owns and operates that taxi. In fact, the Norfolk Code appears to agree with this assumption because it forces Yellow Cab to provide insurance to protect those who might happen to be in an accident with a Yellow Cab taxi driver. Like the trucking industry, Yellow Cab is attempting to take advantage of its franchise while avoiding all liability resulting from its business. Such a result is violative of public policy.

For these reasons, the Court grants the Plaintiff's motion for partial summary judgment and holds that Yellow Cab is vicariously liable for Dandridge's alleged negligence.