# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Greystone Land Co., L.L.C.

v.

City of Chesapeake
City Council
and City of Chesapeake

September 9, 2014

Case No. CL13-1517

BY JUDGE RANDALL D. SMITH

This matter is before the Court on plaintiff's motion for summary judgment. The Court heard arguments on August 27, 2014, and took the matter under advisement to review materials and briefs submitted in support and in opposition to the motion.

The plaintiff argues that the proffer at issue, which was $15,920.74 in 2005, is now a maximum of $4,000 for single family homes. Plaintiff argues that the new proffer guidelines and the fact that its application to reduce the proffer amount (the legal equivalent to a change in zoning) was denied without discussion by the Chesapeake City Council ("City Council" or "Council") demonstrate unreasonableness. Plaintiff further maintains that defendants must now produce some evidence of reasonableness of Council's decision to make the question "fairly debatable" and that, because Council made no findings and stated no conclusions, plaintiff's probative evidence of unreasonableness is not rebutted. Plaintiff cites this Court's ruling in *CAH Holdings, L.L.C. v. Chesapeake City Council*, CL06-2784-00 (Tr. of Jan. 12, 2011, at 5–9), and the case of *Ames v. Town of Painter*, 239 Va. 343, 389 S.E.2d 702 (1990). For the reasons that follow, plaintiff's motion for summary judgment is denied.

It has been "repeatedly held that summary judgment is a drastic remedy, available only where there are no material facts genuinely in dispute. It should not be used to short-circuit litigation by deciding disputed facts without permitting the parties to reach a trial on the merits." *Stockbridge*

*v. Gemini Air Cargo, Inc.*, 269 Va. 609, 618, 611 S.E.2d 600, 604 (2005); *see Hansen v. Stanley Martin Cos.*, 266 Va. 345, 351, 535 S.E.2d 567, 581 (2003) (holding that summary judgment is a "drastic remedy," and should only be granted where there are no disputes of material facts, and that a deciding court should accept as true "those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason."). In *Piland Corp. v. League Constr. Co.*, 238 Va. 187, 189–90, 380 S.E.2d 652, 653 (1989), the Court held:

> Summary judgment shall not be entered if any material fact is genuinely in dispute. It is not a substitute for trial when an issue of fact exists. . . . Upon considering a motion for summary judgment, the court must rule, as a matter of law, on the sufficiency of the evidence; it does not weigh the evidence as a finder of fact. Accordingly, the court must draw those inferences most favorable to the non-moving party.

(Citations omitted.)

"Thus, if the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, summary judgment is not appropriate." *Fultz v. Delhaize Am.*, 278 Va. 84, 87, 677 S.E.2d. 272, 274 (2009) (citing *Jenkins v. Pyles*, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005)). The Supreme Court of Virginia has held that particular cases may not be appropriate for summary judgment; this matter appears to be in that class.

Judicial review of City Council's decision concerning a rezoning is limited. "The adoption of written proffers is a legislative act." *Town v. Leesburg v. Long Lane Assocs., Ltd. P'ship*, 284 Va. 127, 138, 726 S.E.2d 27, 33 (2012) (citing *Jefferson Green Unit Owners Ass'n v. Gwinn*, 262 Va. 449, 458, 551 S.E.2d 339, 343 (2001) ("[A] zoning ordinance may include written proffers. Thus, the proffers become part of the zoning ordinance. As such, they are legislative enactments.")).

> Judicial review of legislative acts must be approached with particular circumspection because of the principle of separation of powers, embedded in the Constitution. That principle precludes judicial inquiry into the motives of legislative bodies elected by the people. Where the courts are called upon to review the acts of officials, agencies, and boards exercising delegated legislative powers, the inquiry must ordinarily be whether the official, agency, or board has acted arbitrarily or capriciously, or rather, whether it has acted in accordance with the policies and standards specified in the legislative delegation of power. That inquiry becomes necessary because delegations of legislative power are valid only if they establish

specific policies and fix definite standards to guide the official, agency, or board in the exercise of the power. Delegations of legislative power which lack such policies and standards are unconstitutional and void.

*Ames*, 239 Va. at 349, 389 S.E.2d at 705 (citations omitted).

Legislative actions of a local government are presumed to be valid and will not be disturbed by a court absent clear proof that the action is unreasonable, arbitrary, and bears no reasonable relation to the public health, safety, morals, or general welfare. If the reasonableness of the enactment is fairly debatable, a court will not substitute its judgment for that of the legislative body, and the legislation will be sustained.

*Id.* (citing *City Council of Virginia Beach v. Harrell*, 236 Va. 99, 101–02, 372 S.E.2d 139, 141 (1988)). An issue is fairly debatable if, "when measured by quantitative and qualitayve tests, the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions." *City Council of Salem v. Wendy's of W. Va.*, 252 Va. 12, 15, 471 S.E.2d 469, 470–71 (1996); *see Town of Leesburg v. Giordano*, 280 Va. 597, 606, 701 S.E.2d 783, 788 (2010).

The following test is employed to determine whether the presumption of reasonableness should stand or fail. "If the presumptive reasonableness of zoning action is challenged by probative evidence of unreasonableness, the challenge must be met by evidence of reasonableness. If such evidence of reasonableness is sufficient to ˌmake the issue fairly debatable, the legislative action must be sustained; if not, the presumption is defeated by the evidence of unreasonableness and the legislative act cannot be sustained."

*Wendy's of W. Va.*, 252 Va. at 15, 417 S.E.2d at 471 (quoting *Board of Supervisors of Fairfax Cnty. v. Jackson*, 221 Va. 328, 333, 269 S.E.2d 381, 385 (1980)).

As is often the case, where it may appear that summary judgment should be available because most or all facts are not in dispute concerning the make-up of the record on appeal, inferences from these facts may very well be in dispute.

The authorities cited by plaintiff are distinguishable from the instant case. First, Virginia Code § 15.2-2285(E) does not provide detailed procedures for this Court's review on appeal; however, decisions from the Supreme Court show that an evidentiary hearing is required. *See, e.g., Kole v. City of Chesapeake*, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994) (concluding that the trial court erred in refusing to conduct an evidentiary hearing as

requested by the landowners because "evidence is necessary to determine what decision, if any, was made by the City Council"); *Ames*, 239 Va. at 347, 389 S.E.2d 704 (noting that the circuit court heard the matter *ore tenus*, hearing the testimony of witnesses in addition to reviewing the record made before the board of zoning appeals). Second, the ruling in *CAH Holdings, L.L.C. v. Chesapeake City Council*, CL06-2784-00, made on January 11, 2012, occurred after the evidentiary hearing in this Court.

The case of *Ames* dealt with the review of a Board of Zoning Appeals ("BZA") decision; while both BZA and City Council decisions are considered legislative decisions when reviewed by this Court, there is a distinction regarding the criteria for review. When a legislative body such as City Council delegates the legislative decision to a BZA or other body, the enabling legislation must provide the standard to be used by the board and its findings need to appear in the record. However, when the City Council itself makes the decision, there is no requirement that either of the above-stated criteria appear in the record. *See, e.g., Jennings v. Board of Supervisors of Northumberland Cnty.*, 281 Va. 511, 520, 708 S.E.2d 841, 846 (2011) (quoting *Bollinger v. Board of Supervisors of Roanoke Cnty.*, 217 Va. 185, 187, 227 S.E.2d 682, 683 (1976) ("[Z]oning ordinances enacted pursuant to [former Code § 15.1-491, now Code § 15.2-2286(A)(3),] need not include standards concerning issuance of special use permits where local governing bodies are to exercise their legislative judgment or discretion.")).

If, during the hearing, plaintiff has shifted the burden to show the "fairly debatable" standard to the defendants, the defendants may introduce evidence of what a "reasonable person" could have believed or found when voting to deny the rezoning. There is no requirement to prove that any member of Council actually held or believed that position. *See Giordano*, 280 Va. at 606, 701 S.E.2d at 788.

Therefore, even though most facts regarding the procedural history and posture of this case will most likely not be in dispute, if the burden shifts to the defendant to establish the "fairly debatable" standard, they have — as is shown by their filing in opposition — the opportunity to establish possible reasons an objective member of Council could have held when voting to deny plaintiff's application. Accordingly, the plaintiff's motion for summary judgment is denied.