## CIRCUIT COURT OF THE CITY OF RICHMOND

Helen Kay Denson Bandas

v.

William Irvin Bandas

December 14, 1993

Case No. N-7730-D/91H-1498

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the Court on remand from the Virginia Court of Appeals after an appeal. The parties dispute what this Court has been directed to decide on the remand and whether this Court can award attorney fees incurred during the appeal. They have argued their positions in memoranda and letters and orally on November 18 after which the Court took the issues under advisement.

With respect to this Court's decision to impose sanctions, the Court of Appeals said: "Except for the amount of sanctions imposed, we affirm because in a domestic relations case, an arbitration award must be upheld unless it is unconscionable or against public policy." *Bandas v. Bandas*, 16 Va. App. 427, 430 S.E.2d 706, 707 (1993). The Court further stated:

> We hold that the trial court did not abuse its discretion by awarding sanctions based on the alleged errors cited by husband in his motion to vacate the arbitration award and the findings of the arbitrator. However, because one of the issues regarding how an arbitration award should be treated by a trial court in domestic relations cases, which was raised by husband, was of first impression in Virginia and because husband had a facially reasonable argument that the equitable distribution award was excessive, we remand the award of sanctions to the trial court for review and for a new award that recog-

nizes that the motion before it was not totally frivolous and without merit.

430 S.E.2d at 712. I believe from this that rather than revisit the decision of whether sanctions should apply at all, as husband contends, the Court is to consider the amount of sanctions consistent with the directions of the Court of Appeals. The fact of any sanctions and against whom they were required have already been decided by this Court and approved on appeal. 25 Va. Cir. 492 (1991); 16 Va. App. 427, 430 S.E.2d 706 (1993).

The next question is the wife's motion for attorney fees. She seeks an award of approximately $12,000 in fees assessed against her by her attorney for his work on the appeal. It should be noted that there was no issue of attorney fees ordered by the trial court in the appeal. Counsel agree that the wife made the same motion to the Court of Appeals she makes here. They also agree the Court of Appeals' order awards the wife the sum of $50 attorney fees on her request there. Husband argues that the Court of Appeals has already decided that $50 is all the wife is due, and the matter has been finally decided. The wife argues that this Court is free to entertain and decide the same motion, even though made on the appeal. The wife cites as authority the Itemization of Costs issued by the Clerk of the Court of Appeals with the disposition of the appeal. That document, after setting out the $50 awarded by the Court as costs for attorney fees, states at the bottom of the page:

> Taxing of costs in this proceeding is not to be considered a determination of any award of attorney's fees and other costs for services rendered or expenditures made in connection with this appeal which any part may be entitled to in an award by the trial court under the provisions of Code §§ 20–99 and 20–103.

This is a correct statement that applies to this case.

Under § 14.1–196, the Clerk of the Court of Appeals is directed to tax a fixed sum of $50 as attorney fees in cases "wherein any party recovers costs . . . ." Costs, under § 14.1-181 in the Court of Appeals, are recovered "by the party substantially prevailing." Since wife substantially prevailed, the Court of Appeals awarded her costs, including the statute-directed fixed sum of $50 attorney fees denominated as costs pursuant to § 14.1–196. It is not evident that the Court of Ap-

peals did anything else with the issue of attorney fees other than award the fixed amount as costs as required by § 14.1–196. Thus, the issue of an award of attorney fees apart from statute-based costs in the appeal has not been addressed by the Court of Appeals. It should be remembered that as an appeals court, the Court of Appeals is not suited and does not take testimony and receive documents as evidence to assess the reasonableness of attorney fee requests, as trial courts do. Thus, the Court of Appeals did not adjudicate the question of attorney fees incurred on the appeal. That task must now fall on this Court to resolve on the wife's motion.

Husband next argues that the Court is restricted on remand to determining only the matter of sanctions and nothing else. Thus, he argues, the Court is not now able to consider any question of an award of attorney fees, especially those that have come about in proceedings on appeal from this Court to another Court. The Court does not agree with this position.

After the appeal of this case to the Court of Appeals and a disposition of the questions presented there, the remand brings the case back to this Court. Until the orders of this Court become final, this Court continues to exercise jurisdiction over the parties' marriage relations. *Golderos v. Golderos*, 169 Va. 496 (1938). And while the issue now is sanctions, in this ongoing proceeding, this Court has the power under § 20–99(6), the statute governing the conduct of divorce proceedings, to assess attorney fees as costs "as equity and justice may require." The statute directs that divorce suits are "conducted as other suits in equity." Courts have recognized the inherent power of courts of equity to award attorney's fees in domestic relations cases and § 20–99(6) further memorializes that power. *Paulson v. Paulson*, 652 S.W.2d 46, 49 (Ark. 1983). Accordingly, this Court will hear wife's motion for an award of attorney fees incurred in the appeal of this case to the Virginia Court of Appeals.

This case can proceed now on the issue of the quantum of sanctions and any attorney fees. The purpose here has been to decide only the question of entitlement.