## CIRCUIT COURT OF FAIRFAX COUNTY

Cheryl D. Patin

v.

Lynwood Patin

June 4, 1998

Case No. (Chancery) 150131

By Judge Marcus D. Williams

This matter comes before the Court on the Response to Plaintiff's Motion to Disregard Arbitration Award and to Dismiss Plaintiff's Motion for a Hearing. On April 1, 1998, this Court denied the defendant's motion to enter an arbitration award of child custody to the defendant. Mr. Horton, counsel for the defendant, had no time to prepare a response to the complainant's opposition to the entry of the arbitration award.

In his response to the denial of the entry of the arbitration award, the defendant argues that Virginia Code § 8.01-577 requires the court to confirm an arbitration award arising from the parties' agreement to arbitrate their custody dispute. In support of the arbitration statute's application to domestic relations cases, defendant cites *Bandas v. Bandas*, 16 Va. App. 427, 430 S.E.2d 706 (1993). In *Bandas*, the Court of Appeals upheld the application of an arbitration award as it applied to the disposition of property and spousal support. The Court of Appeals stated, *inter alia*, that arbitration agreements should be upheld unless the agreement is "against public policy or unconscionable ... ." *Bandas*, 16 Va. App. at 430, 430 S.E.2d at 708. From this the defendant concludes that this Court is bound to accept the arbitrator's award of custody and is without authority to inquire into the best interest of the child.

Va. Code § 20-107.2 provides that upon decreeing the dissolution of a marriage, the court may make such further decree it shall deem expedient

concerning the custody or visitation and support of the minor children of the parties. That section gives the court broad authority in making decrees in the best interest of minor children of divorcing parties. This includes a court's authority to declare any agreement null and void if it violates clearly established law. *See Kelley v. Kelley*, 248 Va. 295, 449 S.E.2d 55 (1994). In *Kelley*, the Virginia Supreme Court declared null and void an agreement where a husband's legal duty to support his children was contracted away by the parties and the court's power to decree support was diminished. *Kelley*, 248 Va. at 298, 449 S.E.2d at 56. The Court noted that the rights of children to support and maintenance cannot be impinged by contract and any contract proposing to do so was facially illegal and void.*Id.* at 299, 449 S.E.2d at 57.

Va. Code § 20-124.2(B) states in part that, "[i]n determining custody, the court shall give *primary* consideration to the best interests of the child." (Emphasis added.) The welfare of the child is to be regarded more highly than the technical legal rights of the parents. *Forbes v. Haney*, 204 Va. 712, 716, 333 S.E.2d 533, 536 (1963). In the present case, the parties agreed to abide by the decision of an arbitrator. Such an agreement to arbitrate cannot divest the court of jurisdiction to determine that which is in the best interest of the child. To enforce such an arbitration award without review would be contrary to strong public policy as stated in Va. Code § 20-124.2. While parties may agree as to the custody of their minor children, it is still the court's responsibility to either accept or reject such an agreement.

The arbitration statute recognizes that there are limitations to its enforcement. Va. Code § 8.01-577(B) states that, "Neither party shall have the right to revoke an agreement to arbitrate *except on a ground which would be good for revoking or annulling other agreements*" (emphasis supplied). Our Court of Appeals in *Bandas v. Bandas, supra,* recognized that arbitration agreements should be upheld unless the agreement is against public policy or is unconscionable. *Id.* at 430, 430 S.E.2d at 708. *Bandas* upheld a spousal and property support agreement to arbitrate. But *Bandas* did not address agreements or arbitrate child custody. Child custody is qualitatively different from spousal support or property settlement disputes. Whereas an agreement to arbitrate disputes involving spousal support and property involve only the interests of the parties to such an agreement, the arbitration of child custody involves more than the interests of the parents. In custody decisions, the interest of the child is paramount. Although parties to a property settlement agreement or spousal support agreement may contract away their rights, public policy cannot permit parents to contract away the child's best interest

or the Court's responsibility to act in the best interest of the child when determining custody.

Accordingly, it would be contrary to public policy to simply enforce an arbitrator's award without determining whether such an award is in the best interest of the child. This is not to say that the arbitrator's decision should not be given weight or taken into account, but it cannot be used to deprive the court of its jurisdiction to determine the best interest of the child.

Therefore, the request to enter the Arbitrator's Award without review is denied.