COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


THOMAS L. SWITZER

MEMORANDUM OPINION[*]
v.    Record No. 3025-01-3                PER CURIAM
JULY 23, 2002

SAMUEL S. SMITH, JODY B. SMITH AND
 PAULA SWITZER


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

(Thomas L. Switzer, pro se, on brief).

No brief for appellees.


On October 12, 2001, the trial court dismissed a child in
need of services (CHINS) petition filed by Thomas L. Switzer
(appellant) regarding his natural child, Daniel.  On appeal,
Switzer argues that: (1) the trial court was without
jurisdiction to sanction him; (2) the juvenile and domestic
relations district court (juvenile court) and trial court were
without jurisdiction to prevent him from caring for his son; (3)
the juvenile and trial courts were without jurisdiction to
recognize the Smiths as legal guardians of his son when that
decision is currently on appeal to the Supreme Court; (4) the
Smiths had no legal standing to object to his petition; and (5)
the trial court violated several provisions of the state and

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

federal constitutions.  Upon reviewing the record and opening

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial

court.  Rule 5A:27.

BACKGROUND[1]

The record on review includes the trial court's manuscript

record and a statement of facts approved and signed by the trial

court.[2]  No hearing transcripts are included in the record.

---

[1] In prior litigation involving these parties, Augusta
County Circuit Court Judge Wood awarded custody of appellant's
son to Samuel Smith and Jody Smith, nee Botkin, in March 2000.
We affirmed the trial court by unpublished opinion.  See Switzer
v. Smith, Record No. 0779-00-3 (Va. Ct. App. July 31, 2001).
On September 6, 2001, we denied appellant's petition for a
rehearing en banc.  That case is currently on appeal to the
Supreme Court of Virginia.

[2] Appellant had the burden on appeal of providing a record
which substantiates his claims of error.  See Jenkins v.
Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409
S.E.2d 16, 20 (1991).  He initially submitted a statement of
facts on November 21, 2001, pursuant to Rule 5A:8.  On December
12, 2001, the Smiths filed objections to appellant's proposed
statement of facts and moved the trial court to reject it.  They
also moved for additional time in which to submit their own
statement of facts.  On December 14, 2001, the trial court
issued notices to the parties that it would conduct a hearing on
the matter on December 21, 2001.
Following that hearing, the trial court signed the Smiths'
statement of facts with the following handwritten addition:

> The Respondents', Smiths', objection to the
> [appellant's] Statement of Facts are [sic]
> sustained in their entirety.  The
> Petitioner's, Thomas Switzer's, Statement of
> Facts numbered 1-16 are [sic] totally
> incorrect.  The numbered statements 1-16
> were not incidents of trial or evidence
> submitted at any time.  I certify that the

-

On June 13, 2001, appellant filed a petition pursuant to Code § 16.1-241(A)(1), alleging his child, Daniel,

> is a child in need of services whose
> behavior, conduct, or condition may present
> or result in a threat to the well being and
> physical safety of the child.

The juvenile court dismissed the petition on July 11, 2001, and appellant appealed to the circuit court for a trial de novo.

On August 3, 2001, the appellees (the Smiths and mother, Paula Switzer) filed a motion for a bill of particulars requesting "specifically what facts led [appellant] to believe that" the child is in need of services and "what specific services the child is alleged to need."  On August 7, 2001, the trial court ordered appellant to file a bill of particulars.  On that same date, the trial court dismissed the Department of Social Services (DSS) as a party and scheduled October 1, 2001 to hear motions.  The trial court cautioned appellant that it "would not relitigate issues of custody or visitation during this appeal of his CHINS petition."

In his bill of particulars, appellant focused on the effects of the earlier custody determination, namely, his lack of access to and involvement with his son.  Appellant alleged

---

foregoing is a true and accurate statement of the proceedings in this matter.

Therefore, we rely on the statement of facts, the trial court's final order and other relevant documents in the trial court's manuscript record.

-

the child is being "emotionally abused" by not allowing appellant, the father, to have more contact with and impact on the child. He also asserted that DSS failed to provide services to him in order to return the child to him "in the shortest practicable time."

On August 16, 2001, the trial court appointed a guardian ad litem for the child. On September 11, the Smiths moved to dismiss the petition and for sanctions.

On October 1, 2001, the trial court heard evidence and argument ore tenus. The guardian ad litem interviewed the child and the Smiths and reported that the child appeared "happy, healthy and well cared for." She found no evidence that the child's well-being or physical safety was at risk or that he was in need of services. Counsel for the Smiths argued that the facts alleged in the bill of particulars were insufficient to support a CHINS petition, that several allegations were wrong or immaterial, and that appellant had no basis for making such allegations because he had not seen the child in more than one year.

By order dated October 12, 2001, the trial court made the following ruling:

> Upon consideration whereof, even when viewed
> in the light most favorable to the
> Petitioner[, appellant], it appearing to the
> Court that the matters alleged in the bill
> of particulars are wholly insufficient to
> support a CHINS petition, that nothing
> alleged by the Petitioner[, appellant] in

-

open court would support the CHINS petition, either standing alone or in combination with the allegations in the bill of particulars, and that the Petitioner ought to bear some of the costs incurred for filing an unsupported petition; it is therefore

ORDERED, ADJUDGED and DECREED that the Petitioner, Thomas L. Switzer, shall reimburse the Court for the expense of employing the guardian <u>ad</u> <u>litem</u> in the amount of $350.00, payable to the Court.

DISCUSSION

I.  <u>Circuit Court Without Jurisdiction to Impose Sanctions</u>

II.  <u>Juvenile and Circuit Courts Without Jurisdiction to Prevent Father from Caring for His Child</u>

Appellant argues it is his "right coupled with [his] high duty to foster [his] child's best interest and protect his welfare."  Accordingly, appellant asserts that "parents have a fundamental right to raise their children as they see fit," and "[s]tate interference with a parent's right to raise his/her child must be to protect the health and welfare of the child."

Appellant put forth no arguments and cited no law demonstrating that the juvenile and/or circuit courts were without jurisdiction.  Appellant filed the CHINS petition and the appeal of the juvenile court's decision, and he was present at each hearing.  Appellant's voluntary appearances provided each court with personal jurisdiction over him.

Code § 16.1-241(A)(1) provides:

Each juvenile and domestic relations district court shall have . . . exclusive original jurisdiction . . . over all cases, matters and proceedings involving the

-

custody, visitation, support, control or disposition of a child who is alleged to be abused, neglected, in need of services, in need of supervision, a status offender, or delinquent . . . .

Circuit courts have subject matter jurisdiction to conduct de novo appeals from decisions rendered by a juvenile court. See Code §§ 16.1-296 and 17.1-513. Therefore, the juvenile court and the circuit court properly had subject matter jurisdiction over the case. Accordingly, appellant has failed to establish a jurisdictional defect.

### III. Juvenile and Circuit Courts Without Jurisdiction to Recognize the Smiths as Legitimate Custodians of Child and to Impose Sanctions when Custody Issue is on Appeal to the Supreme Court

Code § 8.01-271.1, places upon a party the responsibility to sign the pleading, motion, or other paper and certify

> that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Moreover,

> [i]f a pleading, motion, or other paper is signed or made in violation of this rule, the court . . . shall impose upon the person who signed the paper or made the motion . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of

-

                     the pleading, motion, or other paper or
                     making of the motion, including a reasonable
                     attorney's fee.

Id.

     At the time appellant filed his CHINS petition, he had not

had contact with the child "in over one year" and had not "spent

more than a few hours with the child in over three years."

Therefore, appellant had no basis upon which to allege the child

was in need of services.  Moreover, it is clear from the record

that appellant premises many of his arguments (1) his allegation

of trial court error in previously awarding custody to the

Smiths, an issue the trial court admonished appellant not to

relitigate; and (2) his erroneous view that DSS was required to

provide services to him in order to promptly effectuate the

return of the child to him.

     The record shows that appellant filed the CHINS petition

without having any reasonable basis to believe the child was

"abused, neglected, in need of services, [or] in need of

supervision."  Code § 16.1-241(A)(1).  Accordingly, the trial

court did not err in finding that appellant filed an

"unsupported petition" and in requiring appellant "to bear some

of the costs incurred" because of that filing, namely, to pay

the $350 fee for the guardian ad litem.  See Fairfax County v.

Donald, 251 Va. 227, 229, 467 S.E.2d 803, 804 (1996) (whether to

award fees is a matter left to the discretion of the trial

court).

                                -

IV.  The Smiths Had no Standing to Object to Petition

> The concept of standing concerns itself with the characteristics of the person or entity who files suit.  The point of standing is to ensure that a person who asserts a position has a substantial legal right to do so and that his rights will be affected by the disposition of the case.  In asking whether a person has standing, we ask, in essence, whether he has a sufficient interest in the subject matter of the case so that the parties will be actual adversaries and the issues will be fully and faithfully developed.

Cupp v. Board of Supervisors, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984) (citation omitted).

The Smiths lawfully obtained custody of the child when the Circuit Court of Augusta County entered its final order on March 7, 2000.  In his petition, appellant listed the Smiths as "GUARDIAN[S]/LEGAL CUSTODIAN[S] OR PERSON[S] IN LOCO PARENTIS."  In naming the Smiths as parties to the CHINS petition, appellant necessarily conferred upon them standing to contest his petition.

V.  "The trial court's judgment violates several provisions of the state and federal constitutions."

In his brief, appellant recites and discusses the substance of the First, Fourth, Fifth, and Ninth Amendments, the Due Process Clause of the Fourteenth Amendment, and Article I, Sections 1 and 11 of Virginia's Constitution.  However, he failed to link those sources of law to the facts of the case and argue with any specificity the dismissal of the CHINS petition

-

and the trial court's order to pay the guardian ad litem violated his constitutional rights.

Merely listing several constitutional amendments and what they stand for does not alert this Court to constitutional errors allegedly committed by the trial court. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Absent any specific argument suggesting what constitutional errors were made regarding the CHINS petition, we are unable to consider this issue.

Accordingly, the decision of the circuit court is summarily affirmed. Upon further consideration of appellant's brief and the record in this case, we determine that this appeal is not warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law and that the appeal is filed to harass, cause unnecessary delay, and cause a needless increase in the cost of litigation.

Accordingly, pursuant to Code § 8.01-271.1 the Court imposes a sanction in the amount of Five Hundred Dollars ($500) against Thomas L. Switzer, payable to the Clerk of the Court of Appeals of Virginia within sixty (60) days from the release of

-

this opinion.  See Bandas v. Bandas, 16 Va. App. 427, 437, 430

S.E.2d 706, 711 (1993).

Affirmed.