COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Humphreys and
          Senior Judge Overton


EDWARD H. BENDER
                                    MEMORANDUM OPINION[*]
v.    Record No. 1783-02-1              PER CURIAM
                                      APRIL 29, 2003
VIRGINIA MARINE RESOURCES COMMISSION


            FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                      Glen A. Tyler, Judge

            (Edward H. Bender, pro se, on brief).

            (Jerry W. Kilgore, Attorney General; Carl
            Josephson, Assistant Attorney General, on
            brief), for appellee.


     Edward H. Bender appeals the ruling of the Circuit Court of

Northampton County denying his motion for summary judgment and

dismissing his petition for appeal.  On appeal, he contends the

trial court erred by 1) denying his motion for summary judgment,

2) dismissing his appeal, and 3) awarding VMRC attorney fees.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.


_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Background

On August 22, 2001, Edward H. Bender petitioned the circuit court "for relief from the . . . provisions of VMRC regulation 4 VAC 20-890-10 et seq."  He alleged 4 VAC 20-890-25 failed to conform with "required statutory authority" and that 4 VAC 20-890-30 was an "unconstitutional restriction on interstate commerce."  Bender served a copy of the petition only on "Carl Josephson, Assistant Attorney General . . . in accordance with Rule 2A:4."

On November 2, 2001, Bender moved the court for summary judgment.  Citing Rule 2:21, he alleged VMRC was in default for failing to respond to his petition.

On June 14, 2002, the court entered its order denying Bender's motion for summary judgment.  The court also dismissed Bender's appeal and awarded VMRC attorney fees.

## Analysis

### I.

Bender failed to provide the clerk of the circuit court with VMRC's address when he filed his petition.  Instead, he specifically and deliberately caused process to be served upon a named assistant attorney general.

Bender sought judicial review of fisheries regulation amendments adopted by VMRC.  Pursuant to Code § 28.2-215, such review is governed by Code § 2.2-4025 et. seq., the Administrative Process Act (APA).  The procedure for judicial

-

review under the APA is as provided by the Rules of the Supreme

Court of Virginia. Code § 2.2-4026. Rule 2A:4 specifically

requires that a petitioner shall take steps to cause a copy of

the petition to be served on the "agency secretary." Pursuant

to Code § 8.01-290, Bender was required to furnish the clerk in

writing the name and address of each defendant. Bender failed

to include VMRC's address. It is the responsibility of the

party initiating a cause of action to inform the clerk upon whom

process should be served. See Rule 2:4. Service of process on

the assistant attorney general was not the equivalent of service

of process on the agency secretary, as required. Therefore,

VMRC was not served with process, was not in default,[1] and the

trial court correctly denied Bender's motion for summary

judgment.

II. and III.

Code § 8.01-271.1, places upon a party the responsibility

to sign the pleading, motion, or other paper and certify

> that (i) he has read the pleading, motion,
> or other paper, (ii) to the best of his
> knowledge, information and belief, formed
> after reasonable inquiry, it is well
> grounded in fact and is warranted by
> existing law or a good faith argument for
> the extension, modification, or reversal of
> existing law, and (iii) it is not interposed
> for any improper purpose, such as to harass

---

[1] See Rule 2:7 which provides in pertinent part, "[a] defendant is 'in default' if he had not filed a pleading and . . . a period of more than twenty-one days has elapsed after . . . due service of a subpoena in chancery upon him . . . ."

-

> or to cause unnecessary delay or needless
> increase in the cost of litigation.

Moreover,

> [i]f a pleading, motion, or other paper is
> signed or made in violation of this rule,
> the court . . . shall impose upon the person
> who signed the paper or made the motion
> . . . an appropriate sanction, which may
> include an order to pay to the other party
> or parties the amount of the reasonable
> expenses incurred because of the filing of
> the pleading, motion, or other paper or
> making of the motion, including a reasonable
> attorney's fee.

Code § 8.01-271.1.

The court noted Bender's frequent litigation against VMRC, including previous unsuccessful attempts to appeal VMRC fishery regulations. The court found Bender was aware of the APA and the Rules and that he was involved in previous litigation which specifically held he must serve the agency secretary to initiate an action.[2] Bender's motion for summary judgment was not well-grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. We hold that the trial court did not abuse its discretion by awarding sanctions, including attorney fees, to VMRC and that it permissibly dismissed Bender's action. See Bandas v. Bandas, 16 Va. App. 427, 438, 430 S.E.2d 706, 712 (1993).

---

[2] See Bender v. Va. Marine Resources Comm'n, No. 1145-99-1 (Va. Ct. App. January 27, 2000).

-

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.