COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, McClanahan and Senior Judge Willis


TERESA A. GRIMES

                                                        MEMORANDUM OPINION[*]
v.      Record No. 0106-08-1                                PER CURIAM
                                                        SEPTEMBER 2, 2008
WARDEN L. GRIMES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

(Stephen A. Dunnigan; Dunnigan & Messier, P.C., on brief), for
appellant. Appellant submitting on brief.

(E. Thomas Cox, on brief), for appellee. Appellee submitting on
brief.


        Teresa A. Grimes (wife) and Warden L. Grimes (husband) were divorced by decree on

December 18, 2007. Wife appeals the trial court's equitable distribution and spousal support

rulings. On appeal, wife argues that the trial court erred in (1) ruling that husband's business

was worth $8,200; (2) failing to find that husband's alcohol use was a negative non-monetary

contribution; (3) ruling that wife's spousal support award was limited to $1,000 per month for

sixty months; (4) awarding husband 65% and wife 35% of the marital estate; (5) valuing the

wife's jewelry at $12,800 and deducting that amount from the sum owed to wife for her interest

in the marital estate; (6) not including husband's jewelry in the marital estate; and (7) admitting

checks and bank statements into evidence. Upon reviewing the record and briefs of the parties,

we affirm the decision of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Husband and wife were married on September 21, 1985, separated October 23, 2005, and divorced on December 18, 2007. Husband owned and operated a drywall business, Grandview Drywall, for approximately twenty years. Wife primarily stayed at home and raised the parties' three children. In October 2005, husband discovered that wife withdrew large sums of monies from several business bank accounts. He also discovered that wife was using cocaine. Both parties had a history of prior drug use, and husband consumed alcohol on a regular basis.

At the equitable distribution hearing, both parties presented expert testimony on the value of the drywall business. Husband's expert testified that the business was worth $8,200, and wife's expert testified that the business was worth $157,000. The court found husband's expert to be more credible and ruled that the business was worth $8,200.

Husband introduced checks into evidence, over wife's objection, which showed wife wrote checks totaling over $100,000 to herself and her friend over a two-year period. Husband testified that wife later admitted to him that she wrote the checks to purchase drugs. The court held that wife's actions constituted a negative non-monetary contribution and awarded wife 35% of the marital estate.

Husband presented evidence of wife's jewelry at the time of separation. She testified that she pawned the jewelry after the date of separation, but presented no documentation to support the value of the jewelry. She also testified that husband had some jewelry. The court adopted husband's evidence regarding the jewelry.

The court further ruled that wife should receive $1,000 per month in spousal support for sixty months, especially in light of her negative contributions to the family. Wife objected to the duration of the award.

Wife handwrote her objections to the final decree, and timely noted her appeal.

ANALYSIS

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003). So viewed, we affirm the trial court's rulings for the reasons stated below.

Valuation of business

Both husband and wife presented expert testimony on the value of husband's business. A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid, 19 Va. App. at 413, 451 S.E.2d at 718. "The trial court's decision will not be disturbed on appeal unless plainly wrong or without evidence to support it." Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d 514, 519 (2000).

The court considered each of the experts' testimony and found that husband's expert was more credible because he considered the real estate trends in the area and how it affected the future income streams. "The trial court heard the testimony of the two experts and evaluated those experts' opinions. We defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus*." Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002) (citing Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)).

Based on the evidence presented, the trial court found that the business was valued at $8,200. That ruling is supported by the record.

Husband's use of alcohol

Wife argues that husband's use of alcohol was a negative non-monetary contribution, which should have been considered for equitable distribution. The court heard testimony about husband's drinking.

On appeal, the trial court's findings must be accorded great deference. See Bandas v. Bandas, 16 Va. App. 427, 432, 430 S.E.2d 706, 708 (1993). "[I]n reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case." Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988) (citing Rexrode v. Rexrode, 1 Va. App. 385, 394-95, 339 S.E.2d 544, 550 (1986)).

Under our standard of review, there is evidence to support the trial court's decision that husband's alcohol consumption did not constitute a negative non-monetary contribution.

Spousal support award

On appeal, wife contends the trial court committed reversible error because the trial court failed to consider the applicable statutory factors.

The trial court awarded spousal support to wife in the amount of $1,000 per month for sixty months, or until either party dies, or wife remarries, whichever occurs first. Wife's brief argues that the court failed to consider the factors in Code § 20-107.1, although her question presented argues that the amount of spousal support was too low and the duration of spousal support was too short. Her objection on the final decree only relates to the duration of the award. Wife argues each statutory factor and why her spousal support award was not sufficient.

Wife did not preserve her argument that the trial court failed to consider the applicable statutory factors in determining its spousal support award. See Rule 5A:18. Rule 5A:18 states that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause

shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

Wife fails to present any argument regarding the duration of the spousal support award. This defect is significant. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) ("the Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of Court] is insignificant") Therefore, we will not consider this issue on appeal. See Rule 5A:20.

The record supports the court's finding of the spousal support award, and the ruling is affirmed.

### Division of marital estate

Wife contends the court erred in dividing the marital estate, which resulted in husband receiving 65% and wife receiving 35%.

"[I]n considering the circumstances that led to the dissolution of the marriage, Code § 20-107.3(E)(5), the court should consider the circumstances that affected the marriage partnership's economic condition." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527, 458 S.E.2d 323, 325 (1995) (citing Aster, 7 Va. App. at 5-6, 371 S.E.2d at 836).

In light of the trial court's findings that wife made a negative non-monetary contribution by squandering marital funds to buy drugs and husband's alcohol use did not constitute a negative non-monetary contribution, the trial court was not plainly wrong in dividing the marital estate.

### Wife's jewelry

Wife argues that the court erred in valuing her jewelry at $12,800. The court adopted husband's valuation as presented in his memorandum of argument and his testimony regarding the value of wife's jewelry. Wife pawned her jewelry after the date of separation, but presented no documentation regarding the value of the jewelry.

Wife asks this Court to make a monetary award without giving consideration to husband's testimony on the value of her jewelry. "[A] court may not arbitrarily refuse to classify or evaluate marital or separate property where sufficient evidence to do so is in the record." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987).

The record supports the trial court's ruling that wife's jewelry was worth $12,800 and should be credited against the amount that she receives from the marital estate.

### Husband's jewelry

Wife contends the court did not include husband's jewelry in the marital estate. Wife presented evidence that husband had a diamond ring and a gold necklace, valued at $2,500. The trial court rejected wife's testimony regarding husband's jewelry and accepted husband's testimony as to the value of the marital jewelry to be included in the marital estate. The record supports the trial court's ruling on the jewelry issue, taking into consideration wife's jewelry and husband's jewelry.

### Admission of checks and bank statements into evidence

Wife argues that the trial court erred in admitting the checks and bank statements into evidence, which showed the sums of money that wife withdrew, because the court then relied on the documents to conclude wife used the money for drugs. During the trial, wife argued that the checks and bank statements were hearsay and were being offered for the truth of the matter,

despite the fact that no one from the bank authenticated the checks.[1]  The court overruled the objection and received the bank statements into evidence.  Assuming without deciding that the trial court erred in admitting the bank statements into evidence, the trial court's error was harmless.  "When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial."  Code § 8.01-678.

Even if the court erred in admitting the checks, husband testified that wife admitted to him that she took between $1,000 and $2,000 per week from the bank accounts to purchase drugs.  Therefore, by her own statements, she used the funds for a negative non-monetary contribution.

## CONCLUSION

The record supports the trial court's finding of the spousal support award and the classification and valuation of the property.  Accordingly, we affirm the judgment.

Affirmed.

---

[1] Wife only objected to the entry of the first set of checks, Exhibit 27.  She did not object to the remaining checks, Exhibits 28-30, although she made a general objection to the entry of "any and all checks" at the conclusion of husband's direct examination.