COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia


STANLEY HUBBARD

                                                   MEMORANDUM OPINION* BY
v.        Record No. 0197-17-2                     JUDGE ROBERT J. HUMPHREYS
                                                   OCTOBER 17, 2017

CYRENNE HUBBARD


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Robert L. Harris, Jr. (Barnes & Diehl, P.C., on brief), for appellant.

No brief or argument for appellee.


Appellant Stanley Hubbard ("husband") appeals the Chesterfield County Circuit Court's

(the "circuit court") denial of his Motion to Amend or Review Order ("Motion to Amend

Spousal Support") initially filed with the Chesterfield Juvenile and Domestic Relations District

Court.  Husband contends that (1) the circuit court erred when holding that no modification of

spousal support is warranted because husband did not present evidence of his continuing ability

to pay support and that (2) the circuit court erred when holding that no modification of support is

warranted because husband presented no evidence of whether wife needs more or less support

than the current award.

On August 13, 1994, husband and wife lawfully married.  The parties have four children.

On May 16, 2008, by final decree of divorce, the circuit court awarded wife $2,500 per month in

spousal support commencing on November 1, 2007.  On September 25, 2015, husband filed a

_____
    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Motion to Amend Spousal Support with the juvenile and domestic relations district court, which it denied. Thereafter, husband filed a Motion to Amend Spousal Support with the circuit court, which it denied via letter opinion on December 2, 2016. On January 31, 2017, the circuit court denied husband's motion to reconsider.

A court "may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper." Code § 20-109(A). A party seeking modification "is required to prove both a material change in circumstances and that this change warrants a modification of support." Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). The material change in circumstances also "must bear upon the financial needs of the dependent spouse *or* the ability of the supporting spouse to pay." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (emphasis added) (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)). "The crucial question, once a material change in circumstances has been shown, is the ability of the supporting spouse to pay." Driscoll v. Hunter, 59 Va. App. 22, 33, 716 S.E.2d 477, 482 (2011). Not every material change in circumstance, however, justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). Further, "spouses entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, subject to the other spouse's ability to pay." Furr v. Furr, 13 Va. App. 479, 483, 413 S.E.2d 72, 75 (1992).

On appeal, the circuit "court's findings must be accorded great deference." Bandas v. Bandas, 16 Va. App. 427, 432, 430 S.E.2d 706, 708 (1993). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the

evidence, or make its own determination of the credibility of witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr, 13 Va. App. at 481, 413 S.E.2d at 73 (quoting Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

In its December 2, 2016 letter opinion, the circuit court expressly considered whether the material change in circumstances alleged by husband warranted a modification of the spousal support award. Specifically, the letter opinion considered the fact that neither party presented evidence as to the "crucial question . . . the ability of the supporting spouse to pay." Though the circuit court heard testimony regarding wife's acquisition of debt to finance her education, there was little evidence indicating a change in circumstances. As a result, the circuit court found that "the only significant change in circumstance is that fact that the children are all nine years older." Additionally, the circuit court found no evidence establishing that this "passage of years. . . lessened the necessity for [wife] to continue her absence from the workforce or lessened the financial support she needs to meet her obligations."

The circuit court also considered some of the Code § 20-107.1 factors in determining the appropriateness of modifying the spousal support award.[1] Applying Code § 20-107.1, the circuit court found "no evidence regarding the obligations, needs, and financial resources of the parties." Further, the circuit court found no evidence regarding "the standard of living established during the marriage, the age and physical and mental condition of the parties and any special circumstances of the family, or the property interests of the parties . . . ." Rather, the

---

[1] As indicated in the December 2, 2016 letter opinion, the circuit court is not required to consider the factors listed in Code § 20-107.1 in determining whether to *modify* a spousal support award. A court may modify spousal support "as the circumstance make proper." Code § 20-109(A). But, as the circuit court explained, the Code § 20-107.1 factors are useful in considering the appropriateness of a modification.

circuit court "heard evidence only regarding [wife's] earning capacity, . . . present employment opportunities," and opportunity to enhance her earning capacity. Weighing the evidence, the circuit court concluded that there was no material change in circumstances sufficient to justify a modification and denied husband's Motion to Amend Spousal Support.

Husband first assigns as error the circuit court's failure to draw an inference of his continuing ability to pay spousal support. As the moving party, husband had the burden of persuasion that a material change in circumstances occurred sufficient to warrant a modification of spousal support. As noted by husband and recognized by the circuit court, husband failed to produce any direct evidence of husband's continuing ability to pay spousal support. Husband curiously argues, however, that his failure to produce evidence suggesting an inability to pay the current spousal support award "necessarily yields the inference that Husband *has* the ability to pay support."

In support of his proposed inference, husband cites Neeley v. Johnson, 215 Va. 565, 211 S.E.2d 100 (1975). Neeley discusses the appropriateness of inferences that may be drawn from the nonavailability of a material witness. Neeley does not, however, stand for the proposition that a circuit court must necessarily draw an inference supporting a party's burden of persuasion based on that party's *failure* to produce evidence. Moreover, although the converse could certainly be evidence of a material change in circumstances, we are at a loss to understand how an inference that husband *continues to have* the ability to pay the previously ordered amount of spousal support, necessitates a finding of a change in circumstances.

Husband's second assignment of error alleges that the circuit court failed to examine whether wife requires the same amount of support from husband. Primarily, husband's argument is based on the passage of nine years since he began paying spousal support. Husband emphasizes that the emancipation of the parties' eldest child, combined with the maturation of

the other three children, is a material change in circumstances that warrants a modification of spousal support. Husband also alleges that wife necessitates less spousal support because wife is able to return to the workforce and become self-sufficient.

To support the alleged change in circumstances, husband cites case law summarizing a supported spouse's obligation to decrease the amount of support needed. Essentially, husband argues that the circuit court erred because "one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). Relying on this principle, husband alleges, "in light of her circumstances and employability," that wife no longer necessitates the current amount of spousal support.

Husband's argument is more properly directed to the fact-finding function of the circuit court, and is not an appropriate decision for this Court on appeal. The circuit court explicitly acknowledged the same argument that husband now makes on appeal—that the change in circumstances arising from the passage of time warrants a modification of spousal support. Husband fails to recognize that a change in circumstances alone does not require the alteration of a spousal support award. See, e.g., Driscoll, 59 Va. App. at 33, 716 S.E.2d at 481-82; Street, 25 Va. App. at 386, 488 S.E.2d at 668. As explained by the circuit court, "the only significant change in circumstances is that fact that the children are all nine years older." The circuit court, however, found "no evidence that this passage of years has lessened the necessity for [wife] to continue her absence from the workforce or lessened the financial support she needs to meet her obligations." In other words, the circuit court concluded that husband had not met his burden of persuasion that the change in his children's circumstances was sufficient to warrant a modification of spousal support.

Perhaps anticipating this conclusion, husband alternatively argues that he did not have the burden to prove wife's need for support. This argument, however, has no merit. In Virginia, it is well-established that the party seeking modification "is required to prove both a material change in circumstances and that this change warrants a modification of support." Street, 25 Va. App. at 386, 488 S.E.2d at 668. It follows that husband had the burden of persuasion.

The circuit court appropriately weighed the evidence in determining that the change in circumstances did not warrant a modification in the spousal support award. The circuit court acknowledged the "fact that the children are all nine years older" constituted a "significant change in circumstances." Assuming without deciding that "significant" and "material" are synonymous, the circuit court, however, found "no evidence upon which to consider [wife's] need and [husband's] ability to pay." Instead, husband only presented evidence "regarding [wife's] earning capacity, . . . present employment opportunities," and opportunity to enhance her earning capacity. As a result, the circuit court concluded that husband did not meet his burden of persuasion.

This Court has no authority to substitute its own judgment for that of a judge or jury below with respect to whether a party has carried its burden of proof or persuasion. It follows that the circuit court did not abuse its discretion in making the determination that husband failed to do so. Furthermore, husband's argument that the circuit court should have inferred his ability to pay spousal support does not change this result.

For the forgoing reasons, we affirm the circuit court's denial of husband's Motion to Amend Spousal Support.

Affirmed.