## CIRCUIT COURT OF ROANOKE COUNTY

Jared Ryan Newman
and Kathryn Marie Newman

v.

L & H Co.,
a Virginia
partnership, et al.

November 6, 2012

Case No. CL11-131

BY JUDGE ROBERT P. DOHERTY, JR.

Husband and wife tenants signed a residential lease to rent a house for a term of one year. Landlord prepared the lease with little or no negotiations. Landlord used a pre-prepared lease that, on its face, only required the filling in of the names of the tenants, the location of the particular property being rented, the term of the lease, its commencement date, penalties, and the amount of the monthly rental payment. Tenants signed the lease and moved in with their children, bringing with them their household furniture, their clothing, and miscellaneous items of personal property.

Shortly after their occupancy, tenants built a fire in the fireplace. Unbeknownst to them, landlord had recently removed the apparatus from the floor of the fireplace where ashes were to be swept when cleaning the hearth and covered its opening below the fireplace hearth with flammable material. The fire in the fireplace burned through the flammable material and caught the house on fire. Tenants and their children escaped with their lives, but their possessions were mostly destroyed.

As a result of the loss of their personal property, tenants sued landlord for damages. Landlord denied liability and filed a counterclaim and a motion for summary judgment claiming it made no difference whether they were liable to tenants or not, as the lease contained an indemnity clause. The indemnity clause was a hold harmless agreement whereby tenants had to reimburse landlord for "any and all liability, claims, loss, damages, or expenses, including any attorney's fees and/or costs" that landlord might

incur for injury to tenants person or property caused by, among other things, some condition of the premises.

## Contract of Adhesion

A contract of adhesion is a standard form contract, prepared by one party and presented to a weaker party, usually a consumer, who has no bargaining power and little or no choice about the terms. *Philyaw v. Platinum Enterprises, Inc.*, 54 Va. Cir. 364 (2001). See also *St. Paul Fire & Marine Ins. Co. v. S. L. Nusbaum & Co.*, 227 Va. 407 (1984). The lease in question is a contract of adhesion. The contract provision requiring indemnity from the tenant for the fault of the landlord makes the lease unconscionable. It would be harsh and unreasonable to require a tenant who suffered damages to pay a negligent landlord for the damages the landlord inflicted on the tenant. "[A]n inequitable and unconscionable bargain [is] . . . one that no man in his senses and not under a delusion would make, on the one hand, and as no fair man would accept, on the other. The inequity must be so gross as to shock the conscience." *Philyaw, supra*, at 364. The terms of this lease shock the conscience of this Court. "Unconscionability is concerned with the intrinsic fairness of the terms of the agreement in relation to all attendant circumstances." *Philyaw, supra*, at 367. The indemnity provisions of the lease are void and unenforceable because they are unconscionable.

## Public Policy

Pre-injury release provisions are contrary to public policy and therefore void. *Hiet v. Lake Barcroft Cmty. Ass'n*, 244 Va. 191, 196 (1992). Although under certain circumstances pre-injury release provisions dealing only with property damage have been held to be proper, the concern is that such a provisions allow "one party to put the other parties to the contract at the mercy of its own misconduct." *Heit, supra*, at 194. In this particular case, landlord tried to use the logic of the indemnity cases of *Estes Express Lines, Inc. v. Chopper Express, Inc.*, 273 Va. 358 (2007), and *W. R. Hall, Inc. v. Hampton Roads Sanitation Dist.*, 273 Va. 350 (2007), to avoid public policy and enter into a contract that contained a pre-injury release provision, all the while claiming it was something else. That logic is flawed. The reason that the indemnity cases and the reasoning behind them do not apply to this case is that they dealt with "a party indemnifying itself against its own negligence through a contractual provision negotiated at arm's length with a willing indemnitor." *W. R. Hall, Inc., supra*, at 356. The residential lease in this case is a contract of adhesion. No such arm's length negotiation occurred, and the tenant was not a willing indemnitor. This was simply a subterfuge designed to avoid public policy. It is therefore void.

## *Statutory Unconscionability*

Notwithstanding all of the above as argued by the parties, the legislature has also condemned the practice of a landlord preying on unsuspecting tenants by its enactment of the Virginia Residential Landlord and Tenant Act. Contained within that act is § 55-248.9(A)(5), Code of Virginia (1950), as amended, which says that a rental agreement shall not contain a provision whereby a tenant "[a]grees to the exculpation or limitation of any liability of the landlord to the tenant arising under law or to indemnify the landlord for that liability or the costs connected therewith." In subsection B of the same code section, the legislature shows how it views the unconscionable nature of such a residential lease by declaring that "[a] provision prohibited by subsection A included in a rental agreement is unenforceable." Not only is such a provision unenforceable, subsection B goes on to say that, "[i] f a landlord brings an action to enforce any of the prohibited provisions, the tenant may recover actual damages sustained by him and reasonable attorney's fees." In this case, landlord filed a counterclaim to enforce the indemnity provisions of the lease. Defendant's Motion for Partial Summary Judgment is denied.