# CIRCUIT COURT OF FAIRFAX COUNTY

Debra Sanders

v.

Certified Car
Center, Inc., *et al.*

May 24, 2016

Case No. CL-2016-3834

BY JUDGE RANDY I. BELLOWS

This case presents the following question. If an arbitration agreement does not impose identical requirements for arbitration on both parties, is it unconscionable and, therefore, unenforceable? The Court holds that an arbitration agreement need not impose identical requirements on both parties in order to withstand a claim of unconscionability so long as the terms of the arbitration agreement are not so one-sided as to unfairly favor one party or impose upon that party burdens which would make arbitration an illusory remedy. In the instant case, the Court concludes that the arbitration agreement between the parties is not unconscionable and is thus legally enforceable. Therefore, Defendants' Motion To Stay and Enforce Arbitration is granted.

## Facts and Proceedings

This case arises from the sale of an automobile. On May 20, 2015, Plaintiff Debra Sanders, a resident of Pennsylvania, purchased a 2009 Ford Flex ("vehicle") from the Certified Car Center, a car dealership in Fairfax County owned by Hamed Rod ("Defendants"). Compl. ¶¶ 8, 19. Prior to purchasing the vehicle, Plaintiff inspected the vehicle and inquired about the history of the vehicle. Compl. ¶¶ 10, 11. Defendants advised Plaintiff the cosmetic issues she noticed were minor and asserted the vehicle was safe and reliable. Compl. ¶¶ 12, 13. When Plaintiff inquired about whether the vehicle had been in any motor vehicle collisions, Defendants affirmatively stated that it had not, and provided a collision history report to that effect.

Compl. ¶ 17. Relying on these representations, Plaintiff purchased the vehicle and drove it to her home in Pennsylvania. Compl. ¶ 20.

When Plaintiff took the vehicle to be inspected several days later, it failed the inspection. Compl. ¶ 21. A more thorough inspection revealed the vehicle was in unsafe condition, was structurally and mechanically unsound, and had been in a motor vehicle collision. Compl. ¶ 24. Plaintiff stopped using the vehicle and purchased another one. Compl. ¶ 26. Plaintiff filed suit against Defendants on four counts arising from the sale of the vehicle, alleging Defendants knew of the condition of the vehicle and took steps to conceal it from her. Compl. ¶ 29..

Defendants made a timely motion to stay the proceedings and enforce an arbitration agreement that the parties signed as part of the sale of the vehicle. The parties submitted briefs in support of their positions and a hearing was held before the Court on May 6, 2016. After hearing oral argument, the Court took the matter under advisement.

*Analysis*

As a general matter, Virginia public policy favors arbitration. *TM Delmarva Power v. NCP of Va.*, 263 Va. 116, 122, 557 S.E.2d 199 (2002). Virginia has adopted the Uniform Arbitration Act, which states in relevant part:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract.

Va. Code Ann. § 8.01-581.01. Thus, any written arbitration agreement is presumed valid and enforceable under Virginia law, unless the objecting party is able to present grounds upon which the contract should be revoked or not enforced. See *Giordano v. Atria Assisted Living, Va. Beach, L.L.C.*, 429 F. Supp. 2d 732, 735 (E.D. Va. 2006) ("[Arbitration agreements] are to be applied according to state contract law, and the agreement to arbitrate a conflict must be interpreted like any other element of a contract."); see also *Bandas v. Bandas*, 16 Va. App. 427, 431, 430 S.E.2d 706 (1993) ("This language [of Va. Code § 8.01-581.01] implies that arbitration agreements should be upheld unless the agreement is against public policy or unconscionable, which are two grounds to set aside a contract in equity.").

In this case, both parties acknowledge the existence of the arbitration agreement. However, Plaintiff contends the arbitration agreement is unconscionable and thus the court should not enforce it. "Unconscionability is concerned with the intrinsic fairness of the terms of the agreement in

relation to all attendant circumstances." *Philyaw v. Platinum Enters.*, 54 Va. Cir. 364, 367 (2001). A contract is said to be unconscionable "if no person in his senses would make it on the one hand and no fair and honest person would accept it on the other." *Id.* (citing *Hume v. United States*, 132 U.S. 406, 10 S. Ct. 134, 33 L. Ed. 393 (1889)). In practice, this means a court will not enforce a contract or contract provision if, it is both procedurally and substantively unconscionable. See, *e.g., Boatwright v. Aegis Def. Servs., L.L.C.*, 938 F. Supp. 2d 602, 608 (E.D. Va. 2013) (applying Delaware law); *Dan Ryan Builders, Inc. v. Nelson*, 230 W. Va. 281, 289, 737 S.E.2d 550 (2012). "Procedural unconscionability arises from inequities, improprieties, or unfairness in the bargaining process and the formation of the contract. . . . Substantive unconscionability involves unfairness in the terms of the contract itself. . . ." *Dan Ryan Builders*, 230 W. Va. at 289.

Plaintiff argues the arbitration agreement is procedurally unconscionable because it is a contract of adhesion. "A contract of adhesion is a standard form contract, prepared by one party and presented to a weaker party — usually, a consumer — who has no bargaining power and little or no choice about the terms." *Philyaw*, 54 Va. Cir. at 367 (citing *Black's Law Dictionary* 318 (7th ed. 2000)). A contract of adhesion may suggest that a degree of procedural unconscionability exists. See *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 915, 190 Cal. Rptr. 3d 812, 353 P.3d 741 (2015). Indeed, the court in *Philyaw* found the contract at issue in that case to be unconscionable in part because it was a contract of adhesion. 54 Va. Cir. at 367. However, contracts of adhesion are not *per se* unconscionable; courts also must look to the substance of the agreement. In addition to the procedural unconscionability in *Philyaw*, the court also found substantive unconscionability in the requirement that parties arbitrate any disputes before an arbitrator in Los Angeles, California, and pre-arbitration discovery would be governed by the California Code of Civil Procedure. *Id.* at 366. In the instant case, the arbitration agreement Plaintiff signed appears to be a standard printed contract, the terms of which she did not negotiate. But that is not the end of the inquiry. The Court must also analyze the substance of the agreement.

With respect to the substance of the arbitration agreement, Plaintiff argues it is substantively unconscionable because it lacks mutuality. With no Virginia case directly on point, Plaintiff relies on *Dan Ryan Builders*, a case decided by the Supreme Court of Appeals of West Virginia, for the proposition that a lack of mutuality makes an arbitration clause substantively unconscionable. In *Dan Ryan Builders*, the U.S. Court of Appeals for the Fourth Circuit certified the following question to the West Virginia court: "Does West Virginia law require that an arbitration provision, which appears as a single clause in a multi-clause contract, itself be supported by mutual consideration when the contract as a whole is supported by adequate consideration?" 230 W. Va. at 283. The court held that "West Virginia's law

of contract formation only requires that a contract as a whole be supported by adequate consideration." *Id.* However, the court went on to add that "under the doctrine of unconscionability, a trial court may decline to enforce a contract clause — such as an arbitration provision — if the obligations or rights created by the clause unfairly lack mutuality." *Id.* Lack of mutuality does not make an arbitration clause *per se* unconscionable; rather, it is one factor among many to consider to determine if a contract is unfairly one-sided. *Id.* at 289. See *Bramow v. Toll VA, L.P.*, 67 Va. Cir. 56, 59 (2005) ("There is no rule of which I am aware that requires all parties to a contract to have available all the same remedies. Parties are free to negotiate for different remedies for different types of breaches or for different parties.").

The arbitration agreement at issue in this case, while it does not impose identical obligations on the parties, is not so one-sided as to be unconscionable. The terms of the arbitration agreement require that at the request of either party, a dispute "shall be resolved by binding arbitration" by an arbitrator in the federal district where Plaintiff purchased the vehicle (in other words, the Eastern District of Virginia). The agreement identifies the northern Virginia panel of the McCammon Group as the arbitration group of choice, and requires that both parties agree on the individual arbitrator. The agreement states that both parties will be bound by the arbitrator's decision, and will share the cost of the arbitrator unless the arbitrator orders otherwise. Each party has a carve-out which permits the party to bring a case to court. For the Defendants, Dealer, they may proceed to court "in the event the Buyer fails to pay any sums due the Dealer. . . ." The Plaintiff, Buyer, may bring to court claims of less than $1,000 against the Defendant.

On the whole, the terms of the arbitration agreement do not unfairly favor one party over the other, nor do they impose an undue burden on the parties. The location is reasonable because it is the jurisdiction in which the Plaintiff purchased the vehicle from the Defendants. The costs of the arbitration are apportioned evenly. Both parties are bound to accept the arbitrator's decision. This situation is significantly different from cases in which courts have found arbitration agreements to be unconscionable. Compare *Boatwright*, 938 F. Supp. 2d at 609 (finding an arbitration agreement not unconscionable under Delaware law where the agreement subjected both parties to the same arbitration rules and bound them both equally to the arbitrator's decision), with *Taylor v. Butler*, 142 S.W.3d 277, 286 (Tenn. 2004) (finding the arbitration agreement unconscionable under Tennessee law where one party had a judicial forum for all claims, while other party was forced to arbitrate all claims), and *Philyaw*, 54 Va. Cir. 364 (finding arbitration agreement for a car purchased in Virginia that required parties to arbitrate any disputes in Los Angeles unconscionable). The fact that each party has a different carve-out from the arbitration requirement does not mean the arbitration agreement is wholly in favor of one party over the other and thus substantively unconscionable.

*Conclusion*

For the reasons stated above, the Court finds the arbitration clause is not unconscionable and is therefore enforceable against Plaintiff. The terms of the arbitration agreement, while not imposing identical requirements on both parties, is not so one-sided as to be unconscionable. Therefore, Defendants' Motion To Stay and Enforce Arbitration is granted.